**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Fredrica M. Brailsford, | ) | Civil Action No. 3:13-3101-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Wateree Community Action, Inc., James L. | ) | |
| Coleman, Jr., Ernestine Lowery, LaShonna | ) | |
| Meagley, Joseph Davis, and Laurey Carpenter, | ) | |
| in their professional and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Fredrica M. Brailsford ("Plaintiff") brings this action alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964; age discrimination in violation of the Age Discrimination in Employment Act of 1967; violation of the South Carolina Whistleblower Act; and defamation against her former employer, Wateree Community Action, Inc., and individual defendants James L. Coleman, Jr., Ernestine Lowery,[1] LaShonna Meagley, Joseph Davis, and Laurey Carpenter ("Defendants"). This matter is before the court on motion of Defendants for summary judgment, filed on January 16, 2015. ECF No. 33. Plaintiff filed a response in opposition on March 18, 2015. ECF No. 49. In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Kaymani D. West for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on June 17, 2015, recommending that Defendants be granted summary judgment.

---

[1]Defendant Ernestine Lowery was dismissed with prejudice by stipulation of the parties on January 26, 2015.

1

ECF No. 70. Plaintiff filed objections to the Report and Recommendation on July 6, 2015. ECF No. 73. Defendant replied to Plaintiff's objections on March 30, 2015. ECF No. 53.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* review of any portions of the Report and Recommendation to which a specific objection is made. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Plaintiff's objections do not direct the court to a specific error in the Magistrate Judge's Report and Recommendation. *Orpiano*, 687 F.2d at 47-48. Nevertheless, the court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law. The Magistrate Judge properly found that Plaintiff did not contest the entry of summary judgment as to her claims for sex discrimination, age discrimination, retaliation, and violation of the South Carolina Whistleblower Act. ECF No. 49 at 7-9. In regard to Plaintiff's two remaining state law claims, the Magistrate Judge properly concluded that this Court should retain supplemental jurisdiction in the interest of fairness and convenience.

The first remaining state law claim is defamation. The Magistrate Judge properly found that Plaintiff failed to proffer sufficient evidence to survive summary judgment on this claim.

Plaintiff did not contest summary judgment as to the specific allegations of defamation indicated in her deposition and addressed by Defendants but instead submitted a vague summary of additional allegations of defamation. ECF No. 49 at 10-11. This summary, having no citations to the record, is insufficient to establish the elements of defamation.

The second remaining state law claim is civil conspiracy. The Magistrate Judge properly found that Plaintiff failed to show that the individual Defendants committed acts in furtherance of a conspiracy.[2] Plaintiff only offers evidence of actions taken by the individuals Defendants in the course of their employment. *Id.* at 16. These actions do not constitute the requisite "additional acts in furtherance of a conspiracy." *See Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009).

Based upon the foregoing, the court adopts the recommendation of the Magistrate Judge. The court **grants** Defendants' motion for summary judgment. (ECF No. 33).

**IT IS SO ORDERED.**

    s/ Margaret B Seymour
Margaret B. Seymour
Senior United States District Court Judge

September 24, 2015
Columbia, South Carolina

---

[2] The Magistrate Judge offers additional arguments in favor of granting summary judgment on the conspiracy claim. However, the court need not reach these arguments.

3